# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CSAA INSURANCE EXCHANGE D/B/A AAA INSURANCE EXCHANGE; PREMIER RESTORATION AND REMODEL, INC.<br><br>Defendants. | Case No.: 3:17-cv-00496-HDM-WGC<br><br>**STIPULATED PROTECTIVE ORDER** |
| PREMIER RESTORATION AND REMODEL, INC.<br><br>Counter-Claimant,<br><br>vs.<br><br>ROCKHILL INSURANCE COMPANY,<br><br>Counter-Defendant, | |
| CSAA INSURANCE EXCHANGE D/B/A AAA INSURANCE EXCHANGE<br><br>Counter-Claimant,<br><br>vs.<br><br>ROCKHILL INSURANCE COMPANY,<br><br>Counter-Defendant, | |

Plaintiff Rockhill Insurance Company ("Rockhill") and Defendants CSAA Insurance Exchange d/b/a AAA Insurance Exchange ("CSAA") and Premier Restoration and Remodel, Inc. ("Premier") (collectively, the "Parties"), by and through their counsel of record, hereby submit this Stipulated Protective Order with respect to documents disclosed by the Parties on or after August 15, 2018, as follows:

1. **Confidential Information.**

    (a) As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean proprietary, privileged, sensitive or confidential information that a party (the "Designating Party") furnishes in the course of this litigation on or after August 15, 2018 and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (c) below.

    (b) A party may designate any proprietary documents produced in response to interrogatories or requests or production of documents as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

    (c) Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not, in and of itself, be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulated Protective Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

    (d) CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

    (i) the attorneys for the Recipient Party in this litigation and paralegals and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

    (ii) officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

    (iii) insurers, reinsurers or government regulators;

    (iv) court reporters, court officials, and the jury involved in this litigation;

(v) experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement (attached herewith as Exhibit 1) in conformity with this Stipulated Protective Order; and

(vi) any other non-party witnesses or deponents who have executed a Confidentiality Agreement (attached herewith as Exhibit 1) in conformity with this Stipulated Protective Order, or deponents who agree on the record to maintain the confidentiality of the material.

(e) CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own confidential documents.

(f) CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (v) and (vi), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe manner, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Confidentiality Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(g) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

(h) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(d) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement (attached herewith as Exhibit 1) in conformity with this Stipulated Protective Order, unless the Court rules otherwise.

**2. No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Stipulated Protective Order shall not constitute a waiver of

any trade secret or any intellectual property, proprietary, or other rights to or in such information.

3. **Use in Court Filings.**

   Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

4. **Application of the Stipulated Protective Order.**

   (a) Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

   (b) Nothing in this Stipulated Protective Order is designed to be inconsistent with this Court's Practice Standards and any motion to restrict access filed by any party with this Court will be consistent with this Court's Practice Standards.

5. **Confidentiality Challenge.**

   If opposing counsel objects to the designation of certain information as CONFIDENTIAL INFORMATION, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. The information shall continue to have CONFIDENTIAL INFORMATION status from the time it is produced until the ruling by the Court on the motion.

6. **Confidential Information at Trial.**

   The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Stipulated Protective Order, however, shall preclude any party from seeking

confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege. The parties to this Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future.

7. **Modification.**

This Stipulated Protective Order may be modified only by Order of the Court.

8. **Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced on or after August 15, 2018, and all copies of such CONFIDENTIAL INFORMATION. However, counsel for the parties may retain copies of CONFIDENTIAL INFORMATION in their respective files pursuant to their firms' document retention policies for no longer than five years following the final disposition of this litigation, or for the period required by then-applicable rules of professional conduct or any applicable court order. To the extent any CONFIDENTIAL INFORMATION is required to be maintained under any document retention policies or as required by any government regulations, state insurance regulations or similar regulatory authority, the handling of such CONFIDENTIAL INFORMATION shall remain subject to this Stipulated Protective Order and CONFIDENTIAL INFORMATION will not be shared, provided or produced to any third-parties except such government regulators.

## ORDER

Paragraph 3 - Use in Court Filings. Any motion regarding filing confidential information and motions to seal shall also comply with the requirements of *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**IT IS SO ORDERED.**

DATED: October 25, 2018.

                                                    William G. Cobb
                                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Case No.: 3:17-cv-00496-HDM-WGC

ROCKHILL INSURANCE COMPANY,

    Plaintiff v.

CSAA INSURANCE EXCHANGE D/B/A AAA INSURANCE EXCHANGE; PREMIER RESTORATION AND REMODEL, INC.

    Defendants.

---

**CONFIDENTIALITY AGREEMENT WITH PROTECTIVE ORDER**

**(Exhibit 1 to Stipulated Protective Order)**

---

    I, _____, have read the Stipulated Protective Order in the above-captioned claim. I understand the terms of the Stipulated Protective Order, agree to comply with the Stipulated Protective Order in all respects, and hereby submit and waive any objection to the jurisdiction of the United States District Court for the District of Nevada for the adjudication of any dispute concerning or related to my compliance with the Stipulated Protective Order. I understand that any violation of the terms of the Stipulated Protective Order may be punishable by money damages, final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

                                    Print or type the following

                                    Name:_____

                                    Title and Affiliation_____

                                    Address:_____

                                    _____

                                    Telephone:_____

Executed this \_\_\_ day of _____, 201\_\_\_.